UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA Inc.,<br><br>Defendant. | ) | No. 3:15-cv-633 |

**COMPLAINT**

The United States of America alleges as follows:

**INTRODUCTION**

1. The United States brings this action under the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. App. §§ 501-597b, against Santander Consumer USA, Inc. (hereinafter referred to as "Defendant") for its involvement in illegally repossessing more than 1,100 motor vehicles from servicemembers during their military service between January 1, 2008 and February 28, 2013.

2. The purpose of the SCRA is to provide servicemembers with protections against certain civil proceedings that could adversely affect their legal rights while they are in military service. One of those protections is the requirement that a court review and approve a lender's repossession of any motor vehicle owned by a servicemember if the servicemember took out the loan and made a deposit or an installment payment before entering military service. The court may delay the repossession or condition the repossession on the refunding of all or part of the prior installments or deposits made by the servicemember. The court may also appoint an attorney to represent the

servicemember, require the lender to post a bond with the court and issue any other orders it deems necessary to protect the rights of the servicemember.

3. By failing to obtain court orders before repossessing motor vehicles owned by protected servicemembers, Defendant prevented servicemembers from obtaining a court's review of whether their repossessions should be delayed or adjusted to account for their military service.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. App. § 597.

5. Defendant is an Illinois corporation with its headquarters located at 1601 Elm Street in Dallas, Texas, in the Northern District of Texas.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant is headquartered and conducts business in the Northern District of Texas.

**DEFENDANT**

7. Defendant is one of the nation's largest motor vehicle lenders, and primarily serves borrowers with nonprime credit scores. In 2014, Defendant originated and retained $14 billion in motor vehicle loans, with an average interest rate of 16.4%. As of December 31, 2014, roughly 14% of the outstanding principal on Defendant's motor vehicle loans was at least 30 days overdue, and roughly 4% of the outstanding principal was more than 60 days overdue. Defendant has relationships with new and used motor vehicle dealerships throughout the United States that arrange for borrowers to obtain loans through Defendant.

8. Defendant's principal owner is the financial services conglomerate Banco Santander, S.A., which is headquartered in Madrid, Spain. Banco Santander made a profit of over $6.5 billion in 2014 and currently controls over $1.4 trillion in assets.

## BACKGROUND

9. The U.S. Army's Legal Assistance Program notified the Department of Justice that Defendant had allegedly conducted a repossession that violated the SCRA against 19-year-old US Army Specialist Joshua Davis of Casselberry, Florida, by repossessing his car while he was at basic training. The Legal Assistance Program made the referral to the Department of Justice after Defendant had not responded to its complaint letter.

10. In May 2012, Defendant succeeded in its effort to use an arbitration clause included in its loan documents to prevent US Army National Guard Sergeant Charles Beard of Lemoore, California from pursuing systematic relief through a class action lawsuit he filed in federal court in California alleging that Defendant had repossessed servicemembers' vehicles in violation of the SCRA. Requiring Sergeant Beard to resolve his dispute in a private, individual arbitration rather than a public class action lawsuit hindered the ability of Sergeant Beard to pursue relief for anyone but himself.

11. On January 31, 2013, the Department of Justice notified Defendant that it was opening an investigation into Defendant's motor vehicle loan servicing policies, practices, and procedures. The Department's investigation including reviewing data on all of Defendant's motor vehicle repossessions between January 1, 2008 and February 28, 2013.

**SERVICEMEMBERS CIVIL RELIEF ACT VIOLATIONS**

12. The SCRA provides that "[a]fter a servicemember enters military service, a contract by [a] servicemember for . . . the purchase of real or personal property (including a motor vehicle)" and "for which a deposit or installment has been paid by the servicemember before the servicemember enters military service," "may not be rescinded or terminated for a breach of terms of the contract . . . nor may the property be repossessed for such breach without a court order." 50 U.S.C. App. § 532(a) (emphases added).

13. From January 1, 2008 through February 28, 2013, Defendant initiated and completed 760 repossessions, without court orders, of motor vehicles owned by SCRA-protected servicemembers.

14. From March 13, 2010 through February 28, 2013, Defendant sought to collect fees arising from an additional 352 repossessions that other motor vehicle lenders had conducted in violation of the SCRA before Defendant acquired the loans.

15. The individuals who owned the 1,112 repossessed motor vehicles referenced in Paragraphs 13 and 14 were servicemembers who were in military service, as defined by 50 U.S.C. App. § 511(1) and (2), at the time of the repossessions.

16. The 1,112 individuals who owned the repossessed motor vehicles referenced in Paragraphs 13 and 14 made a deposit or installment payment before they entered military service, as defined by 50 U.S.C. App. § 511(2).

17. Defendant conducted repossessions even when it had evidence in its own records that a borrower was a SCRA-protected servicemember.

18. For example, with respect to Specialist Davis' repossession, Defendant's customer service agent recorded that Specialist Davis informed the agent that he was leaving for

boot camp the next day and asked the agent for relief. Defendant nevertheless began making collections calls the next month, and ordered repossession of Specialist Davis' car while he was still at basic training. Defendant sold Specialist Davis' car at an auction, after seizing it during the middle of the night from outside his home, and then sent Specialist Davis a bill to pay a deficiency balance of over $9,000 (including nearly $800 in repossession fees), reported his deficiency balance to the major credit bureaus, and sold the deficiency balance to a third-party debt buyer.

19. The Defense Department provides lenders, and others seeking to comply with the SCRA, an automated system to check whether their customers are SCRA-protected servicemembers. Until approximately September 2012, Defendant failed to implement a policy to check the Defense Department's system prior to conducting repossessions.

20. Defendant has engaged in a pattern or practice of violating Section 532(a)(1) of the SCRA, 50 U.S.C. App. § 532(a)(1), by repossessing the motor vehicles of SCRA-protected servicemembers without court orders. This violation raises an issue of significant public importance.

21. The servicemembers whose motor vehicles were repossessed without court orders in violation of the SCRA are aggrieved persons and have suffered damages as a result of Defendant's conduct.

22. Defendant's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

**RELIEF REQUESTED**

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendant's conduct violated the SCRA;

2. Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with them, with respect to any financial products serviced by them, from:

   a. repossessing the motor vehicles of SCRA-protected servicemembers without court orders, in violation of Section 532 of the SCRA, 50 U.S.C. App. § 532;

   b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant's illegal conduct to the position he or she would have been in but for that illegal conduct; and

   c. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's illegal conduct;

3. Awards appropriate monetary damages to each identifiable victim of Defendant's violations of the SCRA; and

4. Assesses civil penalties against Defendant in order to vindicate the public interest, pursuant to 50 U.S.C. App. § 597(b)(3).

The United States further requests such additional relief as the interests of justice may require.

ERIC H. HOLDER, JR.
Attorney General

*/s/ Vanita Gupta*
VANITA GUPTA
Acting Assistant Attorney General
Civil Rights Division

JOHN R. PARKER
Acting United States Attorney

*/s/ T. J. Johnson*
T. J. JOHNSON
Assistant U.S. Attorney
United States Attorney's Office
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8715
Email: tj.johnson@usdoj.gov
Texas Bar No. 10794175

*/s/ Steven H. Rosenbaum*
STEVEN H. ROSENBAUM
Chief
Housing and Civil Enforcement Section

*/s/ Elizabeth A. Singer*
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program

*/s/ Daniel P. Mosteller*
DANIEL P. MOSTELLER
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave. NW - NWB
Washington, D.C. 20530
Email: daniel.mosteller@usdoj.gov
Telephone: 202-305-0053
Fax: 202-514-1116
North Carolina Bar No. 36958