UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-633-B |
| | ) | |
| SANTANDER CONSUMER USA Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT ORDER

## I.  INTRODUCTION

1.      This Consent Order resolves the allegations contained in the United States'

Complaint that Defendant Santander Consumer USA Inc. violated the

Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. §§ 501-597b, when it

engaged in a pattern or practice of repossessing motor vehicles from "SCRA-

protected servicemembers"[1] without court orders, or seeking to collect on accounts

where a repossession was conducted by a prior account holder, from at least

January 2008 through at least February 2013.

2.      Defendant is an Illinois corporation with its headquarters located at 1601 Elm Street

in Dallas, Texas, in the Northern District of Texas.

3.      This Order covers all loans or deficiency balances originated, acquired, and/or

serviced by Defendant, its parent Santander Consumer USA Holdings Inc., or any

---

[1] For purposes of this Consent Order, the term "SCRA-protected servicemember" includes
servicemembers as defined in 50 U.S.C. app. § 511(1) and (2).

of their subsidiaries, predecessors, acquired companies, or successor entities.  For

purposes of this Order, loans are defined to include retail installment contracts.

4.     Santander has cooperated fully with the United States' investigation in this matter

and has, both prior to and contemporaneous with this investigation, taken steps to

improve its compliance with the SCRA.

5.     The parties agree that the Court has jurisdiction over the subject matter of this case

pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. app. § 597(a).

6.     The parties agree that, to avoid costly and protracted litigation, the claims against

Defendant should be resolved without further proceedings or an evidentiary

hearing.  Therefore, as indicated by the signatures appearing below, the United

States and Defendant agree to the entry of this Order.  Defendant neither admits nor

denies any of the allegations in the United States' Complaint.

7.     The effective date of this Order will be the date on which it is approved and entered

by the Court.

It is hereby ORDERED, ADJUDGED and DECREED:

## II.  INJUNCTIVE RELIEF[2]

8.     Defendant and its affiliates or subsidiaries, and its officers, employees, agents, and

representatives (including contractors and vendors that conduct repossessions on

behalf of Defendant) are hereby enjoined, except under the circumstances described

below in this Order, from repossessing motor vehicles of SCRA-protected

servicemembers without a court order, during the servicemember's military

---

[2] Nothing in this Consent Order shall preclude Defendant from offering greater protections to servicemembers than those afforded by the Consent Order or the SCRA.

service,[3] provided the servicemember paid a deposit on the motor vehicle or installment on the loan while not in military service.

### III. COMPLIANCE WITH THE SCRA AND SCRA POLICIES AND PROCEDURES

9.   Within sixty (60) calendar days of the effective date of this Order, Defendant shall develop SCRA Policies and Procedures for Motor Vehicle Repossessions in compliance with Section 532(a) of the SCRA and Section 533 of the SCRA, 50 U.S.C. app. §§ 532(a) and 533.  These policies and procedures must include provisions that specify:

a.      In addition to any other reviews Defendant may perform to assess eligibility under the SCRA, (i) between two (2) and five (5) business days before it refers a motor vehicle loan for repossession; (ii) between two (2) and five (5) business days after it (or its agents, including contractors and vendors that conduct repossessions on behalf of Defendant) obtains possession of the motor vehicle; and (iii) between two (2) and five (5) business days before it (or its agents, including contractors and vendors that conduct repossessions on behalf of Defendant) disposes of the motor vehicle, Defendant will determine whether borrowers are servicemembers in military service who paid a deposit on the motor vehicle or installment on the loan while not in military service.

b.      Defendant is implementing a system to determine and verify whether any borrowers are servicemembers by electronically comparing borrowers

---

[3] For purposes of this Consent Order, the term "military service" is defined by 50 U.S.C. app. § 511(2).

named on each motor vehicle loan against the Department of Defense

Manpower Data Center ("DMDC") database and against its own records

of military service information received from borrowers.  This check will

occur at least once every seven (7) calendar days throughout the life of the

loan until at least two (2) business days after a vehicle has been disposed

of.  A weekly check of the DMDC database and of Defendant's own

record with respect to all borrowers (not only borrowers referred for

repossession) shall be deemed compliant with paragraph 9(a) of this

Order.

c.      If Defendant is informed via military service information received from a

borrower, or via the periodic electronic check of the DMDC database

described above, that the borrower is a servicemember in military service

who paid a deposit on the motor vehicle or installment on the loan while

not in military service, it shall not refer the loan for repossession nor

conduct the repossession without obtaining a court order.

d.      If Defendant discovers, after obtaining possession or before disposing of

the motor vehicle, that the borrower is a servicemember in military service

who paid a deposit on the motor vehicle or installment on the loan while

not in military service, Defendant shall attempt to contact the borrower

and offer to arrange to return the vehicle within twenty-four (24) hours

and shall reverse on the borrower's account all of the charges resulting

from the repossession.  Alternatively, or if Defendant cannot make contact

with the borrower within twenty-four (24) hours, Defendant shall cause

the vehicle to be returned to the location where possession was taken (for example the address of the residence where the vehicle was located), unless: (1) return to such location presents a significant risk of damage to the vehicle; (2) return to such location presents a significant risk that the vehicle will be impounded; (3) the borrower has previously informed Defendant that the vehicle has been abandoned; or (4) the vehicle was recovered under circumstances suggesting that the vehicle had been abandoned.  If the vehicle is not returned immediately to the borrower, Defendant shall make additional attempts to reach the borrower based upon contact information in its files, and return the vehicle within twenty-four (24) hours of a borrower's request and without charging storage fees. The vehicle shall not be sold or otherwise disposed of until all contacts have been attempted and a court order has been obtained.

e.     If Defendant pursues a repossession action in court and the borrower fails to answer the action, Defendant will file an affidavit of military service with the court as required by Section 521(b)(1)(A) of the SCRA, 50 U.S.C. app. § 521(b)(1)(A).  Before seeking entry of default, Defendant will search the DMDC and review information in its possession or control for orders to determine if the borrower is SCRA-protected.  If Defendant learns that the borrower is SCRA-protected or was SCRA-protected at the time of default, Defendant will: (1) file an affidavit stating that "the defendant is in military service" or "was in military service at the time of default" before seeking default judgment; and (2) attach the most recent

military status report from the DMDC or a copy of the military orders to

the affidavit.

f.     Defendant cannot rely on a servicemember's waiver of rights under

Sections 532(a) or 533 of the SCRA unless it obtains a written agreement

as provided in Section 517 of the SCRA, 50 U.S.C. app. § 517. If

Defendant initiates the waiver process with the servicemember, it must do

so at least thirty (30) calendar days in advance of any anticipated

repossession by sending a notice and a copy of the proposed waiver to the

servicemember.  To the extent Defendant exercises this right, Defendant

shall use a notice that prominently incorporates the language and layout of

the form attached as Exhibit A.  If the servicemember initiates the waiver

process by offering to voluntarily surrender the vehicle or indicating an

intent to abandon the vehicle, Santander must provide a copy of the notice

of the type described in Exhibit A but may conduct the repossession at any

point after receiving a signed waiver.

g.     Defendant may take possession of a motor vehicle that has been

impounded by a non-related third-party upon receiving notice of the

impoundment even when the borrower is a servicemember in military

service who paid a deposit on the motor vehicle or installment on the loan

while not in military service.  Defendant must, however, provide notice to

the servicemember that it has taken possession as required by state law

and not dispose of the vehicle until all contacts have been attempted and a

court order has been obtained.

10.    Within sixty (60) calendar days of the effective date of this Order, Defendant shall

develop SCRA Policies and Procedures for Processing SCRA Relief Requests.  The

Policies and Procedures shall contain the following provisions:

    a.    Defendant shall accept servicemembers' requests for relief pursuant to the

SCRA (including reduced interest rates pursuant to Section 527 of the

SCRA, 50 U.S.C. app. § 527) made via facsimile, United States Postal

Service First Class Mail (postage pre-paid), overnight mail, or electronic

mail.

    b.    Defendant shall designate customer service representatives who have been

specifically trained on the protections of the SCRA and who are

responsible for the intake of and response to servicemembers' requests for

relief pursuant to the SCRA.  Defendant shall ensure that it has a

designated telephone number, and electronic mail address, at which

servicemembers may reach the designated SCRA customer service

representatives who will address questions or concerns regarding requests

for relief pursuant to the SCRA.  Defendant shall also include a page on its

website detailing eligibility for, and relief provided by, the SCRA, and

providing the designated telephone number and electronic mail address to

request relief pursuant to the SCRA, or raise questions or concerns

regarding such relief.

    c.    When Defendant receives a request from a servicemember for relief

pursuant to the SCRA, within sixty (60) calendar days, it shall review all

the requesting servicemember's loans, regardless of type of obligation,

7

and it shall determine the servicemember's eligibility for all forms of relief pursuant to the SCRA (including reduced interest rate pursuant to Section 527 of the SCRA) on all loans.  If the servicemember is determined to be eligible, the relief will be applied retroactively to the first day of eligibility.

d.      Within twenty-one (21) calendar days after determining a servicemember's eligibility for relief pursuant to the SCRA, Defendant shall notify the servicemember in writing[4] of its determination.  If Defendant grants relief, Defendant shall also notify the servicemember in writing of the specific terms of the relief provided.  If Defendant denies relief, Defendant shall also notify the servicemember in writing of the reason(s) for the denial, and it shall ensure that such servicemember is given an opportunity to provide additional documentation or information to establish eligibility for relief pursuant to the SCRA.

e.      With respect to forms of relief for which the SCRA requires provision of military orders, Defendant shall accept any letter on official letterhead from a servicemember's commanding officer that includes contact information for confirmation and:

---

[4] For all written notices to servicemembers required by the Consent Order, Defendant shall use either: (1) the email address or mailing address chosen by the borrower as the primary means of communication either by previous election or in the most recent communication with the Defendant; or (2)  if, no primary means of communication has been chosen, the mailing and e-mail address listed in the servicemember's most recent communication with Defendant, in addition to the servicemember's current mailing address in Defendant's servicing records (if different).

      i.      Sets forth the full name and Social Security number or date of birth of the servicemember; and

      ii.     Sets forth the period of military service of the servicemember and, as may be applicable, that the military service of the servicemember is indefinite, or the date on which the military service of the servicemember ended or is scheduled to end.

f.     With respect to forms of relief for which the SCRA requires provision of military orders, in the event that a servicemember fails to provide a copy of military orders entitling him or her to the relief with his or her request for relief, Defendant shall search the DMDC to confirm eligibility. If the DMDC records provide dates of service that confirm eligibility, Defendant shall provide the relief required by the SCRA for the dates indicated by the DMDC and shall notify the servicemember that the servicemember may submit additional documentation to establish eligibility dates if the servicemember disagrees with the dates provided by the DMDC. If the DMDC records do not confirm eligibility, Defendant may deny the relief if it informs the servicemember in writing that he or she is not eligible for the relief unless he or she provides a copy of documents establishing military service. Such documents will include any document prepared exclusively by a branch of the military, the Department of Defense, or a borrower's commanding officer that indicates that the borrower is on active duty (e.g., active duty orders, change of station orders, DD-214 forms, letters from commanding officers, etc.). Defendant shall request

this additional information before making a final determination that the servicemember is not eligible for relief.

g.     Defendant shall not require that any military order submitted have a specific end date for the period of military service.  Defendant also shall not require that any military order submitted specify the date upon which the servicemember first entered active duty for this period of service.

h.     Defendant shall provide SCRA relief beginning on the earliest eligible date provided in the orders or by the DMDC.  However, if the earliest date provided indicates that the servicemember was on active duty at the time of loan origination, Defendant shall notify the servicemember and provide the servicemember a reasonable opportunity to provide documentation showing that the servicemember was not on active duty at the time of loan origination.

i.     Defendant shall be permitted to discontinue relief granted pursuant to the SCRA only after Defendant searches the DMDC and the DMDC reports that the servicemember is not in military service.[5]  Defendant shall notify the servicemember in writing of the discontinuation, and it shall ensure that such servicemember is given an opportunity to provide additional documentation or information to reestablish eligibility for relief pursuant

---

[5] In the case where an SCRA-protected servicemember provides Defendant with valid military orders that include an end date of military service inconsistent with that appearing on the DMDC website, Defendant shall not discontinue the relief until the latter of the two end dates has expired or it obtains confirmation from the borrower that he or she has ended military service.

to the SCRA.  Defendant may choose to provide relief for a longer period than is required by this subparagraph.

j.    The Policies and Procedures required by this Paragraph shall not excuse Defendant from providing, or allow Defendant to delay providing, forms of relief for which the SCRA does not require a request from a servicemember.  For example, the Policies and Procedures required by this Paragraph shall not affect the timing requirement of Paragraph 9.

11.    No later than sixty (60) calendar days after the effective date of this Order, Defendant shall provide a copy of the proposed SCRA Policies and Procedures required under Paragraphs 9 and 10 to counsel for the United States.[6]  The United States shall respond to Defendant's proposed SCRA Policies and Procedures within forty-five (45) calendar days of its receipt.  If the United States objects to any part of Defendant's SCRA Policies and Procedures described in Paragraphs 9 and 10, the parties shall confer to resolve their differences.  If the parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution.  Defendant shall begin the process of implementing the SCRA Policies and Procedures within ten (10) calendar days of approval by the United States or the Court.

12.    If, at any time during the term of this Order, Defendant proposes to materially change its SCRA Policies and Procedures described herein, it shall first provide a

---

[6] All materials required by this Consent Order to be sent to counsel for the United States shall be sent by commercial overnight delivery addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, 1800 G Street, N.W., 7th Floor, Washington, DC 20006, Attn: DJ 216-73-4.

copy of the proposed changes to counsel for the United States.  If the United States

does not deliver written objections to Defendant within forty-five (45) calendar

days of receiving the proposed changes, the changes may be implemented.  If the

United States makes any objections to the proposed changes within the forty-five

(45)-day period, the specific changes to which the United States objects shall not be

implemented until the objections are resolved pursuant to the process described in

Paragraph 11.

## IV.  TRAINING

13.     Defendant shall provide SCRA compliance training to any employees who: (a)

provide customer service to servicemembers in connection with the servicing of

loans, (b) have significant involvement in servicing loans, including the ability to

reduce interest rates for servicemembers as contemplated by the terms of the SCRA,

or (c) have significant involvement in repossessions, (hereinafter together "covered

employees") within forty-five (45) calendar days after Defendant's training

program is approved by the United States or the Court pursuant to Paragraph 15.

Defendant shall provide to each covered employee: (a) training on the terms of the

SCRA specific to the employee's responsibilities associated with that employee's

position; (b) training on the terms of Defendant's SCRA Policies and Procedures

(both those required pursuant to Paragraph 9 and 10, and all others adopted by

Defendant) specific to the employee's responsibilities associated with that

employee's position; (c) training on the terms of this Order specific to the

employee's responsibilities associated with that employee's position and his or her

responsibilities and obligations under the SCRA; and (d) the contact information for

the SCRA customer service representatives described in Paragraph 10(b). Defendant shall also follow these training procedures for each of its employees who subsequently become a covered employee within thirty (30) calendar days of his or her hiring, promotion or transfer.

14.   During the term of this Order, Defendant shall provide annual SCRA training, with the same content as described in Paragraph 13, to covered employees with respect to their responsibilities and obligations under the SCRA, the SCRA Policies and Procedures and the terms of this Order.

15.   Within forty-five (45) calendar days of the United States' approval of the SCRA Policies and Procedures pursuant to Paragraphs 9 and 10, Defendant shall provide to the United States the curriculum, instructions, and any written material included in the training required by Paragraphs 13 and 14.  These materials may incorporate SCRA compliance training offered on or before the effective date of this Order. The United States shall have forty-five (45) calendar days from receipt of these documents to raise any objections to Defendant's training materials, and, if it raises any, the parties shall confer to resolve their differences.  In the event they are unable to do so, either party may bring the dispute to this Court for resolution.

16.   The covered employees may undergo the training required by Paragraphs 13 and 14 via live training, computer-based training, web-based training, or via interactive digital media.  If the training is conducted in any format other than live training, Defendant shall ensure that covered employees have the opportunity to have their questions answered by a company contact that Defendant identifies as having SCRA expertise within two (2) business days of the training.  Any expenses

associated with the training program required by Paragraphs 13 and 14 shall be borne by Defendant.

17.     Defendant shall secure a signed statement in the form attached as Exhibit B[7] from each covered employee at the training required by Paragraphs 13 and 14 acknowledging that he or she has received, read, and understands the Consent Order and the SCRA Policies and Procedures specific to the employee's responsibilities associated with the loan being serviced, has had the opportunity to have his or her questions about these documents answered, and agrees to abide by them.  For the duration of this Order, copies of those signed statements shall be provided to the United States upon request.  Defendant shall also certify in writing to counsel for the United States that the covered employees successfully completed the training required by Paragraphs 13 and 14.

## V.  COMPENSATION

18.     Defendant will deposit in an interest-bearing escrow account the sum of $9,360,000.00 to fund the compensation payments required by Paragraph 21.  Title to this account will be in the name of "Santander Consumer USA for the benefit of aggrieved persons pursuant to Order of the Court in Civil Action No. [XXX]".  Defendant will provide written verification of the deposit to the United States within fifteen (15) calendar days of the effective date of this Order.  Any interest that accrues will become part of the Settlement Fund and be used and disposed of as set forth herein.  If the compensation payments required by Paragraph 21 total more

---

[7] The electronic signature of a covered employee shall be deemed satisfactory for purposes of verifying completion of the training required under this Consent Order.

than $9,360,000.00, Defendant will deposit into the escrow account all necessary additional funds to make payments before the deadlines established by Paragraph 29.  Any taxes, costs, or other fees related to the escrow account shall be paid by Defendant.

19.   The United States has determined that Defendant conducted 760 motor vehicle repossessions between January 1, 2008 and February 28, 2013 that were not in compliance with the SCRA.  The United States has previously provided the list of these repossessions to Defendant.

20.   The United States has determined that Defendant, after buying certain deficiency balances from an unrelated third-party, sought to collect repossession-related fees assessed as part of an additional 352 motor vehicle repossessions that occurred between January 1, 2008 and February 28, 2013 and was not in compliance with the SCRA.  The United States has previously provided the list of these repossessions to Defendant.

21.   Within thirty (30) calendar days of the effective date of this Order, Defendant shall provide to the United States a list of all its repossessions between March 1, 2013 and the effective date of this Order.  This list will have identical fields and formatting as the list it provided to the United States on August 19, 2013.  The United States shall run this list through the DMDC database and undertake any independent investigation it deems appropriate to identify any additional repossessions that violated the SCRA.  The United States shall provide Defendant with the list of additional repossessions that violated the SCRA within thirty (30) calendar days of receiving Defendant's complete repossession list.  In the event

Defendant objects to the United States' list, Defendant shall be afforded thirty (30) calendar days to produce evidence of compliance to the United States.  After considering in good faith all evidence produced by Defendant, the United States shall make a final determination of the additional repossessions that violated the SCRA within thirty (30) calendar day of Defendant's production of evidence.

22.    For each repossession identified pursuant to Paragraphs 19 and 21, Defendant shall provide the following compensation:

    a.    an amount of $10,000;

    b.    any lost equity in the repossessed motor vehicle, as calculated by: subtracting any outstanding principal, interest, and other amounts owing by the borrowers (excluding any fees associated with repossession), plus any liens at the time of repossession and any disbursements made to the servicemember or a third party other than a lien holder from the proceeds of the repossession sale (exclusive of any fees associated with the repossession) from the retail value of the motor vehicle at the time of repossession as identified in the National Automobile Dealers Association ("NADA") Guide; and

    c.    interest accrued on this lost equity, calculated from the date of the repossession sale until the date payment is issued, at the rate set forth in 28 U.S.C. § 1961.

Defendant shall provide the United States with all records used to make the payment calculations described in this Paragraph for the United States' review and approval.

23.     For each repossession identified pursuant to Paragraph 20, Defendant shall provide compensation in the amount of $5,000.

24.     The amounts described in Paragraphs 22(a) and 23 shall be paid entirely to the servicemember-borrower on the note securing the motor vehicle who signs the Declaration at Exhibit C-2 and the Release at Exhibit C-3.  The amounts described in Paragraph 22(b) and (c) shall be distributed equally among all owners (including non-servicemember owners) on the title to the motor vehicle who sign the Declaration at Exhibit C-2 and the Release at Exhibit C-3.  In cases where Defendant has already taken remedial actions with respect to a repossession identified pursuant to Paragraphs 19-21, the United States shall consider such remedial actions and adjust the compensation to be awarded.[8]

25.     Within sixty (60) calendar days of the effective date of this Order, Defendant shall enter into a contract retaining an Independent Settlement Administrator ("Administrator") to conduct the activities set forth in Paragraphs 25-30.  The selection of the Administrator and the terms of the Administrator's contract related to the Administrator's duties pursuant to this Consent Order shall be subject to the non-objection of the United States.  Defendant shall bear all costs and expenses of the Administrator.  Defendant's contract with the Administrator shall require the Administrator to comply with the provisions of this Consent Order as applicable to the Administrator.   The Administrator's contract shall require the Administrator to

---

[8] In determining the amount of compensation due to any servicemember or co-borrower pursuant to Paragraphs 22 and 23, the United States will credit any monetary compensation or other remediation efforts, including returning the motor vehicle to the borrower, already provided to any servicemember or co-borrower for alleged compliance issues pursuant to Section 532 of the SCRA and arising from the same motor vehicle loan.

work cooperatively with Defendant and the United States in the conduct of its

activities, including reporting regularly to and providing all reasonably requested

information to the United States.  The Administrator's contract shall require the

Administrator to comply with all confidentiality and privacy restrictions applicable

to the party who supplied the information and data to the Administrator.

26.     The Administrator's contract shall require the Administrator, as part of its

operations, to establish, and to maintain throughout the contract period, multiple

cost-free means for affected servicemembers to contact it, including an electronic

mail address, a website, and a toll-free telephone number.

27.     Within sixty (60) days of the effective date of this Order, Defendant shall provide to

the Administrator the name, most recent mailing address in its servicing records,

Social Security number, loan account number(s), and any other information as

requested by the United States and the Administrator with respect to the

repossessions and borrowers identified pursuant to Paragraphs 19 and 20.  After the

United States' determination provided in Paragraph 21, Defendant shall provide the

same information with respect to those repossessions within thirty (30) days of the

United States' determination.  Such information and data shall be used by the

Administrator solely for the purpose of implementing the Consent Order.

28.     For repossessions identified pursuant to Paragraphs 19 and 20, the Administrator's

contract shall require the Administrator to notify each identified servicemember by

letter (using Exhibit C-1 or a modified version mutually agreeable to Defendant and

the United States) within sixty (60) calendar days of the effective date of this Order.

After the United States' determination, as provided in Paragraph 21, the

18

Administrator's contract shall require the Administrator to notify each identified

servicemember by letter (using Exhibit C-1 or a modified version mutually

agreeable to Defendant and the United States) within forty-five (45) calendar days

of the United States' determination.  For repossessions where money is due to a

non-servicemember owner pursuant to Paragraph 24, the Administrator's contract

shall require the Administrator to notify each identified non-servicemember owner

by letter (using Exhibit C-1 or a modified version mutually agreeable to Defendant

and the United States) within fifteen (15) calendar days of receiving the Declaration

from the servicemember-borrower.  The Administrator's contract shall require the

Administrator to provide the United States with samples of all letters, and receive

the United States' approval of the sample letters, before mailing any letter required

by this Paragraph, and all letters mailed pursuant to this Paragraph shall be

accompanied by the Declaration at Exhibit C-2 and the Release at Exhibit C-3.  The

Administrator's contract shall require the Administrator to skip trace and redeliver

any letter that is returned to the Administrator as undeliverable.

29.    The Administrator's contract shall require the Administrator to issue and mail

compensation checks no later than twenty-one (21) calendar days after receipt of a

signed declaration and release.  The Administrator's contract shall require the

Administrator to skip trace and redeliver any payment that is returned to the

Administrator as undeliverable, or that is not deposited or cashed within six (6)

months.

30.    The Administrator's contract shall require the Administrator, for a period of two (2)

years following the effective date of this Order, to provide the United States with a

monthly accounting of all declarations received, checks issued (including copies of issued checks), and notifications without responses or that were returned as undeliverable.  The Administrator's contract shall require the Administrator to report any uncashed checks in accordance with state unclaimed property laws.

31.   Any money not distributed from the escrow account, including accrued interest, within two (2) years of the date the initial notifications are sent to persons eligible for the compensation payments required by Paragraphs 22 and 23 will be distributed to one or more charitable organizations that assist servicemembers. Recipient(s) of such funds must not be related to Defendant.  Before selecting the organization(s), Defendant will obtain a proposal from the organization(s) on how the funds will be used consistent with furthering the goals of the SCRA, submit such proposal to the United States, and consult with and obtain the non-objection of the United States.  The United States and Defendant may request modification of the proposal before approving the organization(s).  The parties will thereafter seek approval from the Court to distribute the remaining funds to the qualified organization(s).  Defendant will require each recipient to submit to Defendant and the United States a detailed report on how funds are utilized within one (1) year after the funds are distributed, and every year thereafter until the funds are exhausted.

32.   Defendant will not be entitled to a set-off, or any other reduction, of the amount of compensation payments required by Paragraphs 22 and 23 because of any debts owed by the recipient, except in the calculation of lost equity as provided by Paragraph 22(b).  Defendant also will not refuse to make a payment based on a

release of legal claims, arbitration agreement, or loan modification previously signed by any such recipient.

33. In the event that the United States has reason to believe that the Administrator is not materially complying with the terms of its contract with Defendant, Defendant shall present for review and determination of non-objection a course of action to effectuate the Administrator's material compliance with its contract with Defendant. The United States shall make a determination of non-objection to the course of action or direct Defendant to revise it. In the event that the United States directs revisions, Defendant shall make the revisions and resubmit the course of action to the United States within thirty (30) days. Upon notification that the United States has made a determination of non-objection, Defendant shall implement the course of action. In the event that the United States and Defendant are unable to agree upon the terms of a contract or a course of action to effect the Administrator's material compliance with its contract with Defendant, the parties may present the matter to the Court. The Court shall determine whether the contract is sufficient to require the Administrator's full compliance with the provisions of the Order as applicable to the Administrator, and whether the Administrator is materially complying with the terms of its contract with Defendant, and it shall direct Defendant to remedy promptly any deficiencies it finds.

34. No individual may obtain review by the Court, the parties, or the Administrator of the identifications made, and payments disbursed, pursuant to Paragraphs 19-32.

## VI.  OTHER RELIEF

35.     Concurrent with providing financial compensation to the servicemember-borrower, Defendant must request that all three (3) major credit bureaus delete trade lines for accounts belonging to the servicemember(s) and any co-borrower(s) attributable specifically to the wrongful repossessions.  Further, Defendant shall not pursue, and must indemnify the servicemember and his or her co-borrower(s) against any third-party's pursuing, any deficiency that was remaining on the SCRA-protected loan after a repossession, where the repossession was completed in violation of the SCRA by Defendant or its predecessors.

36.     Every month for a period of two (2) years following the effective date of this Order, Defendant shall provide the United States with an accounting of all credit entries repaired.

## VII. CIVIL PENALTY

37.     Within thirty (30) calendar days of the effective date of this Order, Defendant shall pay a total of Fifty-Five Thousand Dollars ($55,000) to the United States Treasury as a civil penalty pursuant to 50 U.S.C. App. § 597(b)(3) to vindicate the public interest.  The payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

## VIII. ADDITIONAL REPORTING AND RECORD-KEEPING REQUIREMENTS

38.     For the duration of this Order, Defendant shall retain all records relating to its obligations hereunder, including its records with respect to all loans for which a servicemember requests SCRA relief, whether that request is granted by Defendant, all records involving repossessions, and all records relating to compliance activities

as set forth herein.  The United States shall have the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Order.

39.   Upon request, Defendant shall provide all information in its records to the United States concerning the identity, and conduct, of the prior owner(s) of the loans described in Paragraph 20.

40.   During the term of this Order, Defendants shall notify counsel for the United States in writing every six (6) months of receipt of any SCRA or military-related complaint.  Defendant shall provide a copy of any written complaints with the notifications.  Defendant will incorporate into its SCRA Policies and Procedures a requirement that all customer service personnel, upon receiving any oral SCRA complaint, shall notify individuals designated and trained to receive SCRA complaints pursuant to Paragraph 10(b).  Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number.  Defendant shall also promptly provide the United States all information it may request concerning any such complaint and shall inform the United States in writing within thirty (30) calendar days of the terms of any resolution of such complaint.  If the United States raises any objections to Defendant's actions, the parties shall meet and confer to consider appropriate steps to address the concerns raised by the United States' review.  If the parties are unable to come to an agreement regarding such objections or concerns, either party may bring the dispute to this Court for resolution.

## IX.  SCOPE OF CONSENT ORDER

41.    The provisions of this Order shall apply to Defendant, its parent Santander

Consumer USA Holdings Inc., and any of their subsidiaries, predecessors, acquired

companies, or successor entities.  It shall also apply to the officers, employees,

agents, representatives, assigns, successors-in-interest, and all persons and entities

in active concert or participation with all of those entities, including with respect to

any loans they acquired from January 1, 2008 to the effective date of this Order.

42.    In the event that Defendant is acquired by or merges with another entity, Defendant

shall, as a condition of such acquisition or merger, obtain the written agreement of

the acquiring or surviving entity to be bound by any obligations remaining under

this Order for the remaining term of this Order.

43.    This Order does not release claims for practices not addressed in the Complaint's

allegations, and it does not resolve and release claims other than claims for

violations of Section 532(a) of the SCRA.  This Order does not release any claims

that may be held or are currently under investigation by any federal agency, or any

claims that may be pursued for actions that may be taken by any executive agency

established by 12 U.S.C. § 5491 or the appropriate Federal Banking Agency (FBA),

as defined in 12 U.S.C. § 1813(q), against Defendant, Santander Consumer USA

Holdings Inc., Santander Holdings USA, Inc., Santander Bank N.A., Banco

Santander, S.A., Sponsor Auto Finance Holdings Series LP, DDFS LLC, any of

their affiliated entities, and/or any their institution-affiliated parties, as defined by

12 U.S.C. § 1818 or any other statute or regulation.  This Order does not release any

claims that either party may have against the prior owner(s) of the loans described in Paragraph 20.

44.     Nothing in this Order will excuse Defendant's compliance with any currently or subsequently effective provision of law or order of a regulator with authority over Defendant that imposes additional obligations on it.

45.     The parties agree that, as of the effective date of this Order, litigation is not "reasonably foreseeable" concerning the matters described above.  To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold.  Nothing in this Paragraph relieves either party of any other obligations imposed by this Order.

## X.  MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

46.     Any time limits for performance imposed by this Order may be extended by the mutual written agreement of the parties.

47.     The parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 48.

48.     The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by Defendant, whether willful or otherwise, to perform in a timely manner any act required by this Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the

performance of such act or deeming such act to have been performed, and an award

of any damages, costs, and attorney's fees which may have been occasioned by

Defendant's violation or failure to perform.

## XI.  RETENTION OF JURISDICTION

49.     This Order shall be in effect for a period of five (5) years from its date of entry.

The Court shall retain jurisdiction for the duration of this Order to enforce its terms,

after which time this case shall be dismissed with prejudice.  The United States may

move the Court to extend the duration of this Order in the interests of justice.


SO ORDERED.

SIGNED: February 26, 2015.

 

_____

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

The undersigned hereby apply for and consent to the entry of the Order:

For the United States of America:

ERIC H. HOLDER, JR.
Attorney General

*/s/ Vanita Gupta*

JOHN R. PARKER                                   VANITA GUPTA
Acting United States Attorney              Acting Assistant Attorney General
                                                             Civil Rights Division

*/s/ T. J. Johnson*                                  */s/ Steven H. Rosenbaum*

T. J. JOHNSON                                       STEVEN H. ROSENBAUM
Assistant U.S. Attorney                         Chief
United States Attorney's Office             Housing and Civil Enforcement Section
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699                     */s/ Elizabeth A. Singer*
Telephone: 214-659-8715                      ELIZABETH A. SINGER
Email: tj.johnson@usdoj.gov                Director, U.S. Attorneys' Fair Housing
Texas Bar No. 10794175                        Program

                                                             */s/ Daniel P. Mosteller*

                                                             DANIEL P. MOSTELLER
                                                             Trial Attorney
                                                             U.S. Department of Justice
                                                             Civil Rights Division
                                                             Housing and Civil Enforcement Section
                                                             950 Pennsylvania Ave. NW - NWB
                                                             Washington, D.C. 20530
                                                             Email: daniel.mosteller@usdoj.gov
                                                             Telephone: 202-305-0053
                                                             Fax: 202-514-1116

For Defendant Santander Consumer USA, Inc.:

*/s/ Robert Neil Driscoll*
ROBERT NEIL DRISCOLL
McGlinchey Stafford
1455 Pennsylvania Ave. NW
Suite 400
Washington, D.C. 20004
Email: rdriscoll@mcglinchey.com
Telephone: 202-802-9950
Fax: 202-403-3870


BENNET S. KOREN
ROBERT W. SAVOIE
McGlinchey Stafford
601 Poydras St., 12th Floor
New Orleans, Louisiana 70130

<u>EXHIBIT A</u>

<u>PROPOSED NOTICE AND WAIVER</u>

**IMPORTANT NOTICE AFFECTING MILITARY SERVICEMEMBERS**

**WAIVER OF RIGHTS AND PROTECTIONS AFFORDED UNDER THE
SERVICEMEMBERS CIVIL RELIEF ACT**

Attached to this notice you will find a waiver of rights and protections that may be applicable to you and your dependents pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501, *et seq.* (the "SCRA"). The SCRA provides military personnel and their dependents with a wide range of legal and financial protections. Among other benefits and protections, the SCRA:

- May prohibit the repossession of a motor vehicle without a court order.
- Upon notice by the servicemember, imposes a maximum rate of interest that may be charged during military service on debt obligations incurred by an eligible servicemember before the servicemember began his or her current military service.
- May, in a court action, give the servicemember the right to postpone the case under certain conditions.

If you choose to sign the attached waiver, Santander will have the option to proceed with a repossession of your motor vehicle without the protections of the SCRA.  If you do not sign this waiver, Santander will be required to provide you the protections of the SCRA if you took out your loan and made a downpayment on the motor vehicle, or at least one payment on the loan, when you were not in military service.  Additionally, if Santander takes you to court to repossess your motor vehicle, the court may take steps to ensure that a judgment is not entered against you if you are unable to appear.

**Before waiving these important statutory rights, you should consult an attorney regarding how best to exercise your rights or whether it is in your interest to waive these rights under the conditions offered by Santander.**

**For More Information:**

- CONSULT AN ATTORNEY: To fully understand your rights under the law, and before waiving your rights, you should consult an attorney.
- JAG / LEGAL ASSISTANCE: Servicemembers and their dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.
- MILITARY ONESOURCE: "Military OneSource" is the U.S. Department of Defense's information resource. Go to http://www.militaryonesource.com.

<u>EXHIBIT B</u>

## EMPLOYEE ACKNOWLEDGMENT

      I acknowledge that on _____ _____, 20__, I was provided training regarding SCRA compliance, a copy of the Consent Order entered by the Court in <u>United States v. Santander Consumer USA</u>, Case No. _____ (N.D. Tex.), and copies of Santander's SCRA Policies and Procedures which are applicable to my duties.  I have read and understand these documents and have had my questions about these documents and the SCRA answered.  I understand my legal responsibilities and shall comply with those responsibilities.

_____
[PRINT NAME]


_____
[SIGNATURE]


_____
[JOB TITLE]

<u>EXHIBIT C-1</u>

**NOTICE AND DECLARATION**

Dear [CUSTOMER'S NAME]:

  Santander recently entered into a settlement with the United States Department of Justice regarding alleged violations of the Servicemembers Civil Relief Act ("SCRA").  In connection with this settlement, you have been identified as a person who may have been eligible for SCRA protection when your vehicle was repossessed without a court order.

  Please read the enclosed declaration and release.  If the declaration is accurate and you wish to participate in this settlement, please complete, sign and return to us the enclosed declaration and release in the postage paid envelope.  After we receive these documents, we will review your account/loan.  You will receive a response either in the form of a check or a letter explaining why you are not eligible for protection under the SCRA.

  You should be aware that any money you are eligible to receive may have consequences with respect to your federal, state, or local tax liability, as well as eligibility for any public assistance benefits you may receive.  Neither Santander nor the Department of Justice can advise you on tax liability or any effect on public assistance benefits.  You may wish to consult with a qualified individual or organization about any possible tax or other consequences resulting from your receipt of this payment.

  If you have any questions concerning the declaration, release, or settlement, please contact [INSERT NUMBER HERE].

  We deeply appreciate your service to our country.  We are committed to serving the financial needs of our customers who serve in the military, and we regret any error that may have occurred on your account.


Sincerely,

Santander


Enclosures

EXHIBIT C-2

**DECLARATION**

I, [INSERT NAME], do hereby declare and state as follows:

1.      I owned a vehicle obtained through a loan with Santander, Loan Number [LOAN NUMBER] that was repossessed.

2.      I obtained the loan on or about [LOAN FUNDING DATE].

3.      On or about [REPOSSESSION DATE], I **WAS** either:

   i.      on a covered period of military service; **OR**

   ii.      a member of a reserve component (Reserves or National Guard) and had received orders to report for a covered period of military service.

4.      Please consider the following additional information in support of this Declaration:

   _____

   _____

   _____

   _____

   _____

I declare under penalty of perjury that the foregoing is true and correct.

   Executed this _____ day of _____, 20__.

   SIGNATURE: _____

   PRINT NAME: _____

## APPENDIX REGARDING MILITARY SERVICE

As used in this Declaration, a "covered period of military service" is either of the following:

a)   Full-time active duty with the armed forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard);

b)   A period of active service with the National Guard: i) authorized by the President or the Secretary of Defense; ii) longer than thirty (30) consecutive days; iii) under orders issued under Section 502(f) of Title 32 of the United States Code; and iv) for the purpose of responding to a national emergency declared by the President and supported by federal funds;

c)   Active service as a commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration; or

d)   A period of time during which I was a servicemember absent from duty on account of sickness, wounds, leave, or other lawful cause.

If you have any additional questions about whether your service constitutes a "covered period of military service" for purposes of this declaration, please contact the Department of Justice at 202-514-4713.

<u>EXHIBIT C-3</u>

**RELEASE**

In consideration for the parties' agreement to the terms of the Consent Order entered by the United States District Court for the Northern District of Texas in <u>United States v. Santander Consumer USA</u>, and Santander Consumer USA's payment to me of $ [AMOUNT], I, [BORROWER'S NAME], hereby release and forever discharge all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above and related to the alleged violation of Section 532(a) of the Servicemembers Civil Relief Act, that I may have against Santander Consumer USA and all related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of its past and present directors, officers, agents, managers, supervisors, shareholders, and employees and its heirs, executors, administrators, successors or assigns.  I do not release any claims that I may have against any prior owner(s), not related to Santander Consumer USA, of my retail installment contract.

Executed this _____ day of _____, 20__.

SIGNATURE: _____

PRINT NAME: _____